UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
US SPECIALTY INSURANCE COMPANY,   Civil Case No.:

        Plaintiff,   **COMPLAINT FOR DECLARATORY JUDGMENT WITH JURY DEMAND**

   v.

WESCO INSURANCE COMPANY,

        Defendant.
-------------------------------------------------------------------x

Plaintiff US SPECIALTY INSURANCE COMPANY ("USSIC"), by and through its attorneys, LONDON FISCHER LLP, alleges the following as its Complaint for Declaratory Judgment against defendant WESCO INSURANCE COMPANY ("Wesco"):

## NATURE OF ACTION

1. This is an action for contribution and declaratory relief arising from breach of Wesco's obligations under a general liability policy insuring Rockaway Contracting Corp. (the "Wesco Policy").

2. USSIC seeks contribution for defense costs incurred by USSIC on behalf of the USSIC Insureds in the underlying lawsuit and a declaration as to the existence and scope of Wesco's obligations to defend and indemnify Owner, Contractor and Construction Manager for loss arising from the lawsuit captioned *Carlos Alberto Gomez-Gomez v. SGN 443 Greenwich Street Fee Owner LLC, et. al,* which is currently pending in New York State Supreme Court, Queens County, under Index No. 713583/2016 (the "Gomez Action").

## THE PARTIES

3. USSIC is an insurance company organized in the State of Texas with its principal place of business in Texas.

4.       Wesco is an insurance company organized in the state of Delaware with a principal place of business located at 59 Maiden Lane, New York, NY 10038.  Wesco is authorized to sell or write insurance in New York and, at all material times, has conducted and continues to conduct substantial insurance business in New York.

## JURISDICTION AND VENUE

5.       Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

6.       Personal jurisdiction over Wesco is proper as it conducts business in the State of New York.

7.       Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

### The Underlying Personal Injury Lawsuit

8.       USSIC seeks contribution and a declaration of Wesco's coverage obligation with respect to a lawsuit captioned *Carlos Alberto Gomez-Gomez v. SGN 443 Greenwich Street Fee Owner LLC, et. al,* which is currently pending in New York State Supreme Court, Queens County, under Index No. 713583/2016 (the "Gomez Action").

9.       Carlos Alberto Gomez-Gomez ("Gomez") commenced the Gomez Action by the filing of a summons and complaint (the "Complaint"). A copy of the Complaint is annexed as **Exhibit "A**."

10. Gomez alleges in the Complaint that he was injured on September 30, 2016 as a result from a fall in the course of construction work on the Project. *See* **Exhibit "A,"** ¶¶109-110.

11. Rockaway Contracting Corp. ("Rockaway") entered into a written contract with 443 Developer LLC ("Contractor") to perform drywall and carpentry work at the residential renovation project located at 443 Greenwich Street, New York, NY (the "Project").

12. Rockaway subcontracted with JPB Fabrications Inc. to perform drywall work at the Project.

13. JPB Fabrications Inc. retained PTC Construction Corp. to perform, drywall "taping" at the Project.

14. Gomez was performing work as an employee of PTC Construction Corp. at the time of the accident alleged in his Complaint.

15. Gomez alleges the USSIC Insureds are liable for his injuries at the Project. *See* **Exhibit "A,"** ¶¶ 111-112.

**The Rockaway Contract**

16. Pursuant to the written agreement executed prior to September 30, 2016, Rockaway was obligated to purchase general liability insurance providing coverage to Owner, Contractor and Construction Manager on a primary and non-contributory basis for liability arising from the work by Rockaway at the Project. A copy of the written agreements is annexed hereto as **Exhibit "B."**

17. The written agreement was in effect at all times relevant to the Gomez Action.

18. Article 8, Indemnification and Insurance, of the Contract reads in relevant part:

> 8.4. Prior to the commencement of the Work, Subcontractor shall obtain or cause to be obtained the policies of insurance required by Exhibit D annexed hereto, Contractor, Construction Manager, Owner, and all other persons or entities identified in Exhibit D shall be additional insured on all insurance required to be procured by Subcontractor and its sub subcontractors on the insurance forms so identified [excepting workers

compensation insurance].

*See* Exhibit B, pp. 9-10

19. EXHIBIT D, Subcontractor Insurance Provisions, if the Subcontract states in relevant part:

> 2. The following policies and coverages shall be furnished by Subcontractor:
>
>> A. Commercial General and Umbrella/Excess Liability Insurance: Subcontractor shall maintain commercial general liability (CGL) coverage, with $6,000,000 combined single limit per occurrence, and $7,000,000 in the annual aggregate (EXCEPT Exterior Subcontractors, who are required to have $9,000,000 in the annual aggregate). . . . Contractual liability coverage shall include indemnification obligations pursuant to this Subcontract, including claims by or through Subcontractor's employees or any of Subcontractor's independent contractors' employees. Defense costs shall be in addition to the limit of liability. Limits may be provided in a "layered" program, by means of primary and umbrella policies. If the GCL policy contains an aggregate, it shall apply separately to this project. . .
>
> 4. The General Liability, Umbrella/Excess and Automobile Liability policies shall contain, or be endorsed to contain the following provisions:
>
>> Certificate Holder:   SGN 443 Greenwich Street Owner LLC
>>                       c/o Metro Loft Management LLC
>>                       20 Exchange Place, Suite 100
>>                       New York, NY 10005
>
>> A. The following parties shall be named as Additional Insured(s):
>>
>>> SGN 443 Greenwich Street Owner LLC and it's tenants
>>> 443 Developer LLC
>>> Metro Loft Management LLC
>>> Collaborative Construction Management LLC

>>Certificate holder's interests and all affiliated entities named above is protected as additional insureds on general liability, umbrella/excess and automobile liability policies. . .
>
>> C. For any claims related to this Project, Subcontractor's insurance coverage shall be primary insurance to the additional insured parties. Any insurance or self-insurance maintained by the additional insured parties shall be excess of Contractor's insurance and shall not contribute with it.
>
> 10. Subcontractor shall include all sub-contractors of every tier as insureds under its policies or shall furnish separate certificates and endorsements for each sub-contractor. All coverages for sub-subcontractors shall be subject to all of the requirements stated herein, unless otherwise agreed between Contractor and Subcontractor.

> *See* Exhibit B, pp. 43-44 [emphasis added].

20. The Contract also contained an indemnification provision, which reads in relevant

part as follows:

> To the fullest extent of the law, Subcontractor **shall defend, indemnify, and hold Owner**, **Contractor, Construction Manager, Managing Agent and their respective Affiliates, Officers, Partners, Members, Agents, Employees, Servants and Assignees (all to be referenced as "Owner") harmless from any and all liability, costs, damages, attorneys' fees, and expenses from any claims or causes of action of whatsoever nature, including the enforcement of this agreement, arising from the conduct of Subcontractor, their subcontractors of every tier, their respective Employees and Agents while on or near the Project, or while performing Work.** This defense, indemnity, and hold harmless obligation shall, to the fullest extent of the law, include those claims relating to its subcontractors, suppliers, or employees, by any reason of any claims or dispute of any person or entity for damages from any cause directly or indirectly relating to any action or failure to act by Subcontractor, its representatives, employees, subcontractors, or suppliers. . .

> See Exhibit B, p. 45 [emphasis added].

## The USSIC Insurance Policy

21. USSIC issued general liability policy H12PC30131-00, which provides coverage

to Owner, Contractor and Construction Manager as insureds.

22. The USSIC Insureds tendered their defense and indemnification in the Gomez Action to USSIC under the USSIC Policy

23. USSIC is providing a defense to the USSIC Insureds in the Gomez Action pursuant to the USSIC Policy.

24. The USSIC Policy contains an "Other Insurance" provision, which provides, in relevant part:

> **SECTION IV- COMMERCIAL GENERAL LIABILITY CONDITIONS**
>
> **4. Other Insurance**
>
> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:
>
> **a. Primary Insurance**
>
> This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.
>
> **b. Excess Insurance**
>
> (1) This insurance is excess over:
>
> > . . .
> >
> > (b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.
>
> (2) When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

25. The USSIC Policy's "Other Insurance" provision, when compared to the Wesco Policy and the terms of the Rockaway Contract renders the USSIC Policy excess over any other primary insurance available to the USSIC Insureds as an additional insured.

### The Wesco Insurance Policy

26. Wesco issued policy WPP1125332 02 to Rockaway for the period November 19, 2015 to November 19, 2016.

27. The Wesco Policy's Additional Insured Endorsement provides, in relevant part:

> [A]ny person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability arising out of your ongoing operations performed for that insured . . . [t]his insurance applies on a primary basis if that is required by the written contract, written agreement or permit.

28. The Wesco Policy contains a Supplementary Payments provision, which provides, in relevant part:

> If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:
>
> a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";
>
> b. The insurance applies to such liability assumed by the insured;
>
> c. The obligation to defend, or the cost of the defense of that indemnitee, has also been assumed by the insured in the same "insured contract";
>
> d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;
>
> e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and
>
> f. The indemnitee:
>
>    (1) Agrees in writing to:

  (a) Cooperate with us in the investigation, settlement or defense of the "suit";

  (b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

  (c) Notify any other insurer whose coverage is available to the indemnitee; and

  (d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

 (2) Provides us with written authorization to:

  (a) Obtain records and other information related to the "suit"; and

  (b) Conduct and control the defense of the indemnitee in such "suit".

29. The Wesco Policy defines "Insured Contract" to mean:

That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

30. Rockaway tendered its defense and indemnification in the Gomez Action to USSIC, seeking coverage as the named insured under the USSIC Policy.

## USSIC's Tender to Wesco and Rockaway

31. On October 11, 2016, USSIC tendered the defense and indemnification of Owner, Contractor and Construction Manager in the Gomez Action to Wesco.

32. On January 12, 2017, counsel for Owner, Contractor and Construction Manager tendered the defense and indemnification of Owner, Contractor and Construction Manager in the Gomez Action to Wesco.

33. Wesco has wrongfully refused to defend or indemnify Owner, Contractor and Construction Manager in the Gomez Action.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment- Additional Insured Status)

34. USSIC repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "33" inclusive, with the same force and effect as if set forth herein.

35. Owner, Contractor and Construction Manager are an insured on the Wesco Policy with respect to the claims made in the Gomez Action.

36. Wesco breached its obligations under the Wesco Policy by failing to acknowledge that Owner, Contractor and Construction Manager are an insured with respect to the claims made in the Gomez Action.

37. USSIC timely demanded that Wesco acknowledge Owner, Construction Manager and Contractor as an insured with respect to the claims made in the Gomez Action.

38. Wesco wrongfully denied coverage to Owner, Construction Manager and Contractor as an insured with respect to the claims made in the Gomez Action.

39. Judgment should be entered declaring that Owner, Construction Manager and Contractor are an insured under the Wesco Policy with respect to the Gomez Action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Declaratory Judgment- Duty to Defend the USSIC Insureds)

40. USSIC repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "39" inclusive, with the same force and effect as if set forth herein.

41. Wesco is obligated to defend Contractor for the claims alleged in the Gomez Action.

42. Wesco is obligated to defend Owner for the claims alleged in the Gomez Action.

43. Wesco is obligated to defend Construction Manager for the claims alleged in the Gomez Action.

44. USSIC timely demanded that Wesco defend the USSIC Insureds for the claims made in the Gomez Action on a primary and non-contributory basis.

45. Wesco has failed to defend the USSIC Insureds in the Gomez Action.

46. As a result of Wesco's failure to defend the USSIC Insureds, USSIC has been obligated to defend the USSIC Insureds.

47. USSIC has incurred, and continues to incur, expenses, including attorneys' fees and other costs in connection with the defense of the USSIC Insureds in the Gomez Action.

48. USSIC therefore seeks a declaration that Wesco is obligated to defend the USSIC Insureds in the Gomez Action on a primary and non-contributory basis, and is obligated to reimburse USSIC for expenses, including all attorneys' fees and costs incurred in connection with the defense of the Gomez Action, together with interest thereon.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Declaratory Judgment- Duty to Indemnify USSIC Insureds)**

49. USSIC repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "48" inclusive, with the same force and effect as if set forth herein.

50. Pursuant to the terms of the Wesco Policy, Wesco has an obligation to indemnify Contractor for all amounts for which Contractor becomes legally obligated to pay as damages because of bodily injury or property damage in connection with the Gomez Action, on a primary and non-contributory basis.

51. Pursuant to the terms of the Wesco Policy, Wesco has an obligation to indemnify Owner for all amounts for which Owner becomes legally obligated to pay as damages because of

{N1470385.1 }

bodily injury or property damage in connection with the Gomez Action, on a primary and non-contributory basis.

52. Pursuant to the terms of the Wesco Policy, Wesco has an obligation to indemnify Construction Manager for all amounts for which Construction Manager becomes legally obligated to pay as damages because of bodily injury or property damage in connection with the Gomez Action, on a primary and non-contributory basis

53. Wesco has denied or otherwise failed to acknowledge its obligation to indemnify the USSIC Insureds in connection with the Gomez Action.

54. USSIC seeks a declaration that Wesco is obligated to indemnify the USSIC Insureds in connection with the Gomez Action on a primary and no-contributory basis.

## AS AND FOR A FOURTH CAUSE OF ACTION
**(Contribution)**

55. USSIC repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "54" inclusive, with the same force and effect as if set forth herein.

56. The Wesco Policy and the USSIC Policy provide coverage to the USSIC Insureds in the Gomez Action.

57. USSIC has incurred, and continues to incur, expenses, including attorneys' fees and other costs in connection with the defense of the USSIC Insureds in the Gomez Action.

58. The Wesco Policy is primary to the USSIC Policy and non-contributory.

59. The costs incurred by USSIC should have been paid by Wesco.

60. Accordingly, USSIC is entitled to an award of damages, and an order from this Court directing Wesco to reimburse USSIC for all amounts paid by USSIC for the defense of the USSIC Insureds in the Gomez Action, together with interest.

{N1470385.1 }

## DEMAND FOR JURY TRIAL

61. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff USSIC hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

**WHEREFORE**, Plaintiff USSIC demands judgment against the defendants as follows:

a. Declaring that Owner, Construction Manager and Contractor are each an insured under the Wesco Policy with respect to the Gomez Action;

b. Declaring that Wesco improperly denied a defense to each of the USSIC Insureds in the Gomez Action;

c. Declaring that Wesco must provide for the defense of the USSIC Insureds in the Gomez Action on a primary and non-contributory basis;

d. Declaring that Wesco must indemnify the USSIC Insureds in the Gomez Action on a primary and non-contributory basis;

e. Awarding damages against Wesco for all costs incurred by USSIC and/or the USSIC Insureds in the defense of the Gomez Action, together with interest at nine-percent annum pursuant to NY CPLR 5001(a);

f. Awarding USSIC the costs of suit incurred herein; and

g. Awarding USSIC such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 8, 2019

By: LONDON FISCHER LLP
/S/ Daniel W. London
Daniel W. London
(dlondon@londonfischer.com)
*Attorneys for Plaintiff*
*US Specialty Insurance Company*
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 972-1000

{N1470385.1 }